IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 25-cv-00227-JAR |
| ) | |
| CITY OF HENRYETTA, OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS AND BRIEF IN SUPPORT
OF DEFENDANT INSABELLA**

Defendant John Insabella moves the Court to enter an order dismissing Plaintiff Muscogee (Creek) Nation's ("Nation") Complaint [Doc. 2] against him for failure to state a claim upon which relief can be granted against the movant. FED. R. CIV. P. 12(b)(6). Pursuant to LCvR7-1, Defendant Insabella provides the following brief in support.

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.     INTRODUCTION.**

The Nation filed suit against City of Henryetta ("Henryetta") and Insabella, in his official capacity only as city attorney of Henryetta, bringing a single cause of action seeking a declaratory judgment. [Doc. 2, p. 5, ¶ 13, and p. 9]. It is well established, however, that a suit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents, and is an attempt to impose liability upon the governmental entity. Here, the Nation redundantly sues both Henryetta and Insabella, in his official capacity only, in a duplicative claim. Accordingly, the suit against Insabella should be dismissed for the failure to state a claim upon which relief can (twice) be granted. FED. R. CIV. P. 12(b)(6). In addition, the Nation's Complaint also fails under existing law and should be dismissed.

1

II.     MOTION TO DISMISS STANDARD.

The Federal Rule of Civil Procedure permit a court to dismiss a claim that "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When addressing a Rule 12(b)(6) motion to dismiss, the court does not weigh the evidence the parties might present at trial but instead assesses whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014). A complaint is legally sufficient when it contains enough "facts to state a claim to relief that is plausible on its face," and the factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Further, a well-pled complaint may survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* In assessing a claim's plausibility, the court must accept all well-pled facts as true and view them in the light most favorable to the claimant. *Brokers' Choice*, 757 F.3d at 1135. The court is not bound, however, to accept an allegation as true when it amounts to no more than a conclusory statement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## ARGUMENT AND AUTHORITIES

### PROPOSITION ONE
### THE NATION'S SUIT AGAINST DEFENDANT INSABELLA IS REDUNDANT

The Nation redundantly sued Henryetta and its city attorney, Defendant Insabella, in his official capacity only, [Doc. 2 at 5, ¶ 13], for the same claim. [*Id.* at 9].

The "City Attorney [of Henryetta] is an officer of the City." HENRYETTA, OK., CODE OF ORDINANCES, ch. 5, § 2-501.[1] An individual's "official capacity" usually refers to a person's status as a legally recognized representative of an entity. *Cherokee Nation v. United States DOI*, 2025 OK 4, ¶ 47, 564 P.3d 58, 73 (Okla. 2025). *See also Braswell v. U.S.*, 487 U.S. 99, 107--108, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988). Suit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity. *Speight v. Presley*, 2008 OK 99, ¶ 20, 203 P.3d 173, 179 (Okla. 2008); *Pellegrino v. State ex rel. Cameron Univ. ex rel. Bd. of Regents of State*, 2003 OK 2, ¶ 5, 63 P.3d 535, 537 (citing *McMillian v. Monroe County*, 520 U.S. 781, 785, n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)).

In the federal context, official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citation omitted). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) (providing that "[a] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

Where a plaintiff sues both a person in his official capacity and the entity, federal courts generally dismiss the official capacity claims as redundant. *See French v. City of Cortez*, 361 F. Supp.3d 1011, 1042 (D. Colo. Jan. 9, 2019) (dismissing official capacity claims against police officers because they were "duplicative" of the claims against the city); *Whitten v. McCurtain Cnty. Jail Trust*, 2025 U.S. Dist. LEXIS 131708, *9 (E.D. Okla. June 13, 2025) (dismissing an "official

---

[1] A copy of the quoted and cited city ordinance is attached as Exhibit 1 as a courtesy to the Court.

capacity" defendant as redundant with the governmental entity defendant); *Cutter v. Metro Fugitive Squad*, Case No. CIV-06-115-GKF, 2008 U.S. Dist. LEXIS 66572, 2008 WL 4068188, at *5 (W.D. Okla. Aug. 29, 2008) (dismissing official capacity claims as "simply redundant" because the plaintiffs had sued the government entities); *Doe v. Douglas Cnty. School Dist. RE-1*, 775 F. Supp. 1414, 1416 (D. Colo. Oct. 17, 1991) (dismissing the "redundant" official capacity claims as a matter of "judicial economy and efficiency").

Applied here, Plaintiff's single cause of action seeking a declaratory judgment against both Defendants is duplicative and should be dismissed as to Defendant Insabella.

## PROPOSITION TWO
## PLAINTIFF CANNOT PREVAIL UNDER EXISTING LAW

Insabella incorporates by reference the argument and authorities in City of Henryetta's Motion to Dismiss and Brief in Support.

## CONCLUSION

Defendant Insabella is sued exclusively in his official capacity as City Attorney of Defendant City of Henryetta. It is well established, however, that a suit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents, and is an attempt to impose liability upon the governmental entity. Here, the Nation redundantly sues both Henryetta and Insabella, in his official capacity only, in a duplicative claim. Accordingly, the suit against Insabella should be dismissed for the failure to state a claim upon which relief can (twice) be granted. FED. R. CIV. P. 12(b)(6). In addition, the Nation's Complaint also fails under existing law and should be dismissed, as set forth in City of Henryetta's Motion to Dismiss.

Filed: August 14, 2025                      **HALL, ESTILL, HARDWICK, GABLE,**
                                             **GOLDEN & NELSON, P.C.**

                                             *s/ Keith A. Wilkes*
                                             D. Kenyon Williams, Jr. OBA 9643

Keith A. Wilkes, OBA 16750
Bryan J. Nowlin, OBA 21310
521 East Second Street, Suite 1200
Tulsa, Oklahoma 74120
T: 918.584.0400
F: 918.594.0505
kwilliams@hallestill.com
kwilkes@hallestill.com
bnowlin@hallestill.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2025, I electronically transmitted the foregoing Motion to Dismiss to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing and to the registered party participants of the ECF system.

                                                  *s/ Keith A. Wilkes*  
                                                  Keith A. Wilkes

21156506.1:422043.02558