IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 25-cv-00227-JAR |
| ) | |
| CITY OF HENRYETTA, OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CITY OF HENRYETTA'S RESPONSE IN OPPOSITION TO
BRIAN TYRONE SCOTT'S MOTION TO INTERVENE**

Ruling on Brian Tyrone Scott's Motion to Intervene (Doc. 44) should be held in abeyance pending ruling on Defendant City of Henryetta's Motion to Dismiss (Doc. 39). The Motion to Dismiss, if granted, will moot Mr. Scott's request. In any event, Mr. Scott's seeks intervention to address pre-McGirt traffic citations. The retroactive application of *McGirt v. Oklahoma*, 591 U.S. 894 (2020)—an issue not before this Court—fails, regardless of any outcome in this case.

Pursuant to Federal Rule of Civil Procedure 24(a), "a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (citing *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)). "The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention." *Barnes v. Secy' Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (quoting *San Juan Cty. v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007)).

Federal Rule of Civil Procedure 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a

common question of law or fact." FED. R. CIV. P. 24(b)(2). This standard is "permissive" and "a matter within the district court's discretion." *City of Stillwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (quoting *Kiamichi R.R. Co., Inc. v. Nat'l Mediation Bd.,* 986 F.2d 1341, 1345 (10th Cir. 1993)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 23(b)(3).

The law is settled that the *McGirt* decision does not apply retroactively and does not void final state convictions, such as Scott's municipal convictions. *State ex rel. Matloff v. Wallace*, 2021 OK CR 21, ¶¶ 27-28, 40, 497 P.3d 686, 691-92, 94, *cert. denied*, 142 S.Ct. 757 (2022). Mr. Scott's Motion is unclear regarding which municipal citations he challenges, the dates of those citations, or the status of his exhaustion of state appellate remedies. It is clear, however, that the citation(s) are pre-*McGirt*. Scott's Motion further fails to address how non-intervention would impair his interest, or how the advocacy of the Muscogee (Creek) Nation in this lawsuit is inadequate so as to render his pro se intervention from prison to be necessary.

Mr. Scott simply cannot meet the conditions in Rule 24 (a)(2) or (b)(1)(B). His interests have been protected and addressed through the state court system, thereby failing intervention by right under subsection (a)(2). Furthermore, Scott seeks to apply *McGirt* retroactively to his pre-*McGirt* traffic citations has no commonality to distinct, albeit legally flawed, issues of prospective application presented by Plaintiff, thus failing permissive intervention under subsection (b)(1)(B).

For those reasons, the Court should hold in abeyance its rulings on Brian Tyrone Scott's Motion to Intervene or deny the Motion.

Filed: August 29, 2025

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/ Keith A. Wilkes*
D. Kenyon Williams, Jr. OBA 9643
Keith A. Wilkes, OBA 16750
Bryan J. Nowlin, OBA 21310
521 East Second Street, Suite 1200
Tulsa, Oklahoma 74120
T: 918.584.0400
F: 918.594.0505
kwilliams@hallestill.com
kwilkes@hallestill.com
bnowlin@hallestill.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically transmitted the foregoing Response in Opposition to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing and to the registered party participants of the ECF system, and further sent a true and correct copy of the Response to the non-party movant, postage fully prepaid thereon, to:

Brian Tyrone Scott, DOC # 399317
James Crabtree Correctional Center, Unit 1-17
216 North Murray Street
Helena, Oklahoma 73741-1017

*s/ Keith A. Wilkes*
Keith A. Wilkes
