**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MUSCOGEE (CREEK) NATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-00227-JAR** |
| | ) | |
| **CITY OF HENRYETTA, OKLAHOMA,** | ) | |
| *et al.,* | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**CITY OF HENRYETTA'S MOTION TO STRIKE AND RESET
PRELIMINARY INJUNCTION HEARING
AND BRIEF IN SUPPORT**

Defendant City of Henryetta ("Henryetta") moves the Court to enter an order striking the preliminary injunction hearing scheduled for September 22, 2025, and to reset the hearing, if necessary, upon application of any party after the United States Supreme Court holds its September 29, 2025, conference and announces whether it will grant certiorari in *Marvin Stitt v. City of Tulsa*, Docket No. 25-30. In support of its Motion for Strike, Henryetta provides the following Brief in Support:

**BRIEF IN SUPPORT OF MOTION TO STAY**

**INTRODUCTION**

Plaintiff's Motion for Preliminary Injunction [Doc. 11] is set for hearing before the Court on September 22, 2025. The United States Supreme Court, however, is scheduled to consider the petition for writ of certiorari in *Stitt v. City of Tulsa* just seven days later on September 29, 2025, where it has the opportunity to clarify the issue of criminal jurisdiction in Indian Country. Given the confusion caused by the United States Supreme Court's

notation of concurrent jurisdiction in *Castro-Huerta* (as evidenced by the diametrically opposed briefing by the parties in this action), the United States Supreme Court is likely to take-up the issue of criminal jurisdiction outside of the Major Crimes Act in *Stitt v. City of Tulsa*. It therefore makes sense for the Court and the parties to briefly postpone consideration of Plaintiff's motion for preliminary injunction—and the merits of this case—with the U.S. Supreme Court imminently poised to determine whether to grant certiorari. Pursuant to LCvR 7.1(f), counsel for Henryetta has conferred with counsel for the Nation regarding the requested relief. The Nation opposes the same.

## POSTURE OF *Stitt v. City of Tulsa*

1.      Petitioner Marvin Keith Stitt filed his Petition for Writ of Certiorari with the U.S. Supreme Court on July 7, 2025. A true and correct copy of the Petition for Writ of Certiorari is attached as Exhibit 1.

2.      The City of Tulsa filed its response to on August 8, 2025, and petitioner Stitt filed his reply on August 22, 2025. The briefing was circulated to the justices in advance of their scheduled conference to consider the same on September 29, 2025. *See* U.S. Supreme Court Docket No. 25-30, attached as Exhibit 2.

3.      The Petition for Writ of Certiorari arises from *City of Tulsa v. Stitt*, No. 7569655 (Tulsa Mun. Ct. filed February 3, 2021) and *Stitt v. City of Tulsa*, M-2022-984 (Okla. Crim. App. filed November 7, 2022). The Oklahoma Court of Criminal Appeals affirmed the petitioner's conviction on a municipal traffic citation in *Stitt v. City of Tulsa*, 2025 OK CR 6 and 2025 OK CR 5. The petitioner now challenges the primary holding of the Court of Criminal Appeals which adopted reasoning from a previous decision and held,

"After determining that state jurisdiction was not preempted as a result of *Bracker* balancing, this Court found that Oklahoma has concurrent criminal jurisdiction in Indian country over non-member Indian defendants accused of committing non-major crimes." *Stitt v. City of Tulsa*, 2025 OK CR 5, ¶ 8 (citing *City of Tulsa v. O'Brien*, 2024 OK CR 31, ¶ 35).

4.      *Stitt v. City of Tulsa* involves all aspects of the controversy before this Court. The underlying matter is a municipal citation for a traffic violation committed by a Cherokee Nation member occurring within the Creek Nation's Reservation, and the question of jurisdiction in Indian country over non-major crimes. *See* Exhibit 1 at p. 5.

5.      This Court will hold hearing on the Nation's motion for preliminary injunction on September 22, 2025. The Supreme Court is scheduled to consider the petition for writ of certiorari seven days later, on September 29, 2025. *See* Exhibit 2.

**ARGUMENT AND AUTHORITY**

Striking the September 22, 2025, preliminary injunction hearing to briefly wait upon an imminent decision by the United States Supreme Court regarding certiorari in *Stitt v. City of Tulsa* makes sense.

The issue of an Oklahoma municipality's concurrent criminal jurisdiction over Indians is directly at issue in the pending petition for certiorari before the U.S. Supreme Court. The parties in this matter have both noted a disagreement regarding the impact of the U.S. Supreme Court's usage of *Bracker*-balancing in *Castro-Huerta* and the application of concurrent state and tribal jurisdiction where not preempted by a specific Congressional act.  Moreover, the *Stitt v. City of Tulsa* case presents a precise question of a municipality's

jurisdiction over a non-member Indian as the petitioner is a member of the Cherokee Nation and the speeding infraction undisputedly took place within the Creek Nation's reservation. A tribe's interest in self-government is markedly lower regarding any non-member Indian which may lead the Supreme Court to a different result when comparing concurrent jurisdiction over member Indians as opposed to non-member Indians. The mere existence of the multitude of litigation and the complexity of legal issues regarding non-major crimes calls for review by the Supreme Court to answer the question posed in *Castro-Huerta*. Accordingly, Henryetta contends that it is likely the Supreme Court will issue the writ of certiorari and review the decision of the Oklahoma Court of Criminal Appeals in a manner which may directly resolve the matter pending before this Court.

This Court should proceed only if the United States Supreme Court declines review of *Stitt v. City of Tulsa* as there is no harm to any party to learn whether additional clarity will soon be forthcoming from the nation's highest court. Indeed, Henryetta is not prosecuting members of the Muscogee (Creek) Nation for municipal violations during the pendency of this proceeding, and has dismissed with prejudice any pending citations against MCN members. *See* Declaration of City Attorney John Insabella [Doc. 41-2].

If forced to litigate here prior to the U.S. Supreme Court's imminent decision on certiorari, Henryetta will suffer irreparable harm by being forced to expend resources preparing for and participating in the preliminary injunction hearing involving legal questions that will likely be answered by the U.S. Supreme Court. There is a risk here of an outcome that will ultimately be inconsistent with the U.S. Supreme Court, and, moreover, this Court and the parties will know in short order whether of certiorari is granted

or denied. If denied, the MCN loses little through a short delay. Indeed, the MCN has no evidence of any pending prosecutions of its members at this time, and similarly has no evidence of any pending prosecutions of non-member Indians. Rather, public interest favors striking the current setting to avoid potentially duplicative litigation, conflicting outcomes, and to avoid the further drain of judicial resources in this District.

**WHEREFORE,** the City of Henryetta respectfully request that this Court enter an order striking the preliminary injunction hearing set for September 22, 2025, pending the imminent decision by the United States Supreme Court on the petition for writ of certiorari in *Stitt v. City of Tulsa*.

Filed: September 3, 2025                    Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,**
  **GOLDEN & NELSON, P.C.**

s/ *Keith A. Wilkes*
D. Kenyon Williams, Jr. OBA 9643
Keith A. Wilkes, OBA 16750
Bryan J. Nowlin, OBA 21310
521 East Second Street, Suite 1200
Tulsa, Oklahoma 74120
T: 918.584.0400
F: 918.594.0505
kwilliams@hallestill.com
kwilkes@hallestill.com
bnowlin@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I electronically transmitted the foregoing Motion to Strike using the ECF System for filing and transmittal of Notice of Electronic Filing and to the registered party participants of the ECF system.

s/ *Keith A. Wilkes*
Keith A. Wilkes
