UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-227-JAR |
| | ) |
| CITY OF HENRYETTA, OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Motion to Intervene (Docket Entry No. 44) and the Application for Joinder as Petitioner (Docket Entry No. 46), both filed by Brian Tyrone Scott, a non-party to this action. This case was commenced by the Muscogee (Creek) Nation (the "Nation") against the City of Henryetta (the "City") for declaratory and injunctive relief to (1) determine the City lacks criminal jurisdiction over Native Americans within the Creek Nation Reservation and that the City's continued assertion of such jurisdiction runs counter to federal law; (2) preliminarily and permanently enjoin the City from exercising criminal jurisdiction over Native Americans within the Creek Nation Reservation absent Congressional legislation permitting it to do so; and (3) attorneys' fees and costs.

Movant Brian Tyrone Scott ("Scott") states that he was "issued illegal traffic tickets by the City of Henryetta." He contends that he is an enrolled member of the Muscogee (Creek) Nation and that he was "convicted of a crime committed within the

boundaries of the Muscogee (Creek) Nation Reservation in the City of Henryetta Municipal Court." *Doc. Ent. No. 44.* He seeks intervention in this action because he "has limited to no access to the courts and fundamental fairness . . . should entitle movant to an adequate opportunity to present his claims fairly within this adversarial (sic) (Muscogee (Creek) Nation v. City of Henryetta." *Id.*

Scott seeks intervention as a matter of right in accordance with Fed. R. Civ. P. 24(a)(2), which provides:

> On timely motion, the court must permit anyone to intervene who:
>
> * *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Tenth Circuit "has historically taken a liberal approach to intervention" and views the burden on the proposed intervenor as "minimal." *Kane Cty., Utah v. United States*, 928 F.3d 877, 890-891 (10th Cir. 2019). But the Tenth Circuit has also cautioned that "one must be careful not to paint with too broad a brush in construing Rule 24(a)(2)." *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (abrogated on other grounds). Rule 24 "is not a mechanical rule" but instead "requires courts to exercise judgment based on the specific circumstances of the case." *Id.* Therefore, even where a movant shows "an interest that could be adversely affected by the litigation," a court must apply "practical judgment . . . in determining whether the strength of the interest and the potential

risk of injury to that interest justify intervention." *Id.*

It is Scott's burden to demonstrate the required elements for intervention as a matter of right – (1) the motion is timely; (2) the movant claims an interest relating to the property or transaction which is the subject of the action; (3) the movant's interest relating to the property may be impaired or impeded; and (4) the movant's interest is not adequately represented by existing parties. *See WildEarth Guardians v. National Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010).

A motion's timeliness is determined "in light of all the circumstances." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). The Tenth Circuit identifies three non-exhaustive factors are "particularly important" to determine timeliness: (1) the length of time since the movant knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant. *Id.* Scott's request is deemed timely, as he asserted his intervention request in the infancy of this action without prejudicing any existing party.

A movant has a protectable interest if the interest "would be 'impeded by the disposition of the action.' " *Western Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017). Scott asserts that his "significant interests" warranting intervention includes "the City has demonstrated its intention to contravene federal law by ignoring movant's pleaded issue of fundamental entitlement to due process." Scott also contends the City has refused to recognize the legal authorities of *McGirt v. Oklahoma*, 591 U.S. 894 (2020) and *Hooper v. City of Tulsa*, 71 F.4th 1270 (10th Cir. 2023). To the extent that this action will potentially determine whether the City

had jurisdiction to issue citations to Scott as a member of the Nation, Scott's interests may be impaired.

However, Scott has failed to demonstrate that the existing parties will not adequately represent those interests. Scott bears the burden of demonstrating that no existing party adequately represents its interest. *Coal. of Ariz./N.M. Cntys. For Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996). Representation is usually adequate for Rule 24(a) purposes when the Scott's objective is "identical to that of one of the parties." *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986). In this case, the Nation's interests are completely aligned with Scott's asserted interest. The Nation seeks a finding that the City lacks criminal jurisdiction over Native Americans which is precisely the interest sought to be protected by Scott. To the extent that Scott references specific alleged constitutional violations by the City not related to the specific subject matter of this action, his interest is not the same as that asserted in this case and should not be included in the determinations made in this case. He may defend those separate interests, to the extent that he does so on a timely basis, in a separate action. Accordingly, Scott is not entitled to intervene as a matter of right.

Scott also requests that he be allowed to intervene permissively under Fed. R. Civ. P. 24(b), which provides:

> On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(3) admonishes

> In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

The intervention of an incarcerated *pro se* individual like Scott will unduly delay the progression of this action to the detriment of the existing parties. While not a required part of the test for permissive intervention, a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention. *See City of Stilwell v. Ozarks Rural Elec. Coop. Corp.,* 79 F.3d 1038, 1043 (10th Cir. 1996). As this Court has stated, the Nation adequately represents Scott's asserted interests in this action. Consequently, Scott will not be permitted to intervene.

Scott has also asserted a motion to join this action. Curiously, he includes additional parties to be joined as party plaintiffs in his motion, including Daniel L. Bear, Darious Tiger, Heather Rodgers, and Brandy Hill. He asserts that "the relief sought in this case will affect Petitioner in the same ways that it affects" the other identified parties. Mandatory joinder requires a showing that

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Scott provides no basis upon which this Court may determine that he is required to be a party to this action to accord complete relief to the parties or that his interests will be impeded in any way. Indeed, based upon the relief sought, the parties will be afforded complete relief at the conclusion of the adjudication of this case. Scott's joinder is not required in this case.

Permissive joinder under Fed. R. Civ. P. 20 is also not implicated. Permissive joinder requires a moving party to show 1) "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and 2) "any question of law or fact common to all plaintiffs" seeking to be joined. Fed. R. Civ. P. 20(a)(1). "It is within the trial court's discretion to permit joinder of [parties], and courts typically consider whether joinder would prejudice any party, would cause needless delay, or would offend notions of judicial economy and efficiency." *FidoTV Channel, Inc. v. Inspirational Network, Inc.*, 2019 WL 4043940, at *3 (D. Colo. April 29, 2019). The inclusion of Scott in this action would likely prejudice the existing parties by creating unreasonable delays and would certainly not offend notions judicial economy and efficiency. Scott will not be permitted to join in this action.

IT IS THEREFORE ORDERED that the Motion to Intervene filed by Brian Tyrone Scott (Docket Entry No. 44) is hereby **DENIED**.

IT IS FURTHER ORDERED that the Application for Joinder as Petitioner filed by Brian Tyrone Scott (Docket Entry No. 46) is hereby **DENIED**.

IT IS SO ORDERED this 18th day of November, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE