**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MUSCOGEE (CREEK) NATION, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-00227-JAR** |
| | ) | |
| CITY OF HENRYETTA, OKLAHOMA, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER OF CITY OF HENRYETTA**

Defendant City of Henryetta ("Henryetta") and with its Answer to Plaintiff's Complaint [Doc. 2], denies each and every material allegation in the Complaint unless explicitly admitted below, and further answers and states as follows:

1. Henryetta admits the statement in the unnumbered paragraph immediately preceding Paragraph 1 of the Complaint regarding Plaintiff being a federal recognized tribal government. Regarding Paragraph 1 of the Complaint, Henryetta denies Plaintiff's characterization of *McGirt v. Oklahoma*, 591 U.S. 894 (2020). In *McGirt*, the United States "Supreme Court held that, for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished."

2. Henryetta denies Plaintiff's allegations and characterization of the law in Paragraph 2 of its Complaint. "[A]s a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. And under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government

and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639.

3.      Henryetta denies Plaintiff's allegations and legal characterizations in Paragraph 3 of its Complaint. Under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639. The General Crimes Act does not "say . . . that state jurisdiction is preempted in Indian country." *Id*. Applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). Henryetta's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon Plaintiff's tribal self-government.

4.      Henryetta denies Plaintiff's allegations and legal characterizations in paragraph 4 of Plaintiff's Complaint, and adopts and incorporates its above answer and response to Plaintiff's allegations in Paragraph 3 of its Complaint.

5.      Henryetta denies Plaintiff's allegations and legal characterizations in Paragraph 5 of its Complaint. Henryetta maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country, as further explained in response to Plaintiff's allegations in paragraph 3 of its Complaint

6.      Regarding the allegations and legal characterizations in paragraph 6 of Plaintiff's Complaint, Henryetta admits that it maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country. However, Henryetta denies any allegation in Paragraph 6 to the contrary, and further states that the application of the U.S. Supreme Court's

*Castro-Huerta* opinion creates a legal question and disagreement with Plaintiff regarding the jurisdictional test to be applied in Indian country, and the distinction between *McGirt's* application to the Major Crimes Act and the prosecution by municipalities for minor violations of municipal ordinances and other general crimes.

7.     Henryetta denies the allegations in Paragraph 7 of Plaintiff's Complaint. Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

**JURISDICTION AND VENUE**

8.     With respect to the allegations in Paragraph 8 of the Complaint, Henryetta denies that the Court has jurisdiction over this action as more fully set forth in its Motion to Dismiss and related filings. Henryetta also denies that the Nation asserts claims arising under the principles of federal Indian law governing federal, tribal, and state authority within Indian country, to the extent Plaintiff's understanding of federal Indian law principles are recited elsewhere.

9.     Henryetta admits that venue is proper before this Court as alleged in Paragraph 9 of the Complaint.

**PLAINTIFF**

10.     Regarding the allegations in Paragraph 10 of the Complaint, Henryetta admits that Plaintiff has been recognized as an Indian entity eligible to receive services from the United States Bureau of Indian Affairs. However, Defendant denies the remaining allegations and legal characterizations in paragraph 10 of Plaintiff's Complaint to the extent Plaintiff alleges  or implies that any sovereign powers of self-governance or jurisdiction associated with the Creek Reservation are exclusive or impact in any way Henryetta's authority to prosecute non-member Indians who commit non-major crimes in Indian country.

11. In answer to Paragraph 11 of the Complaint, Henryetta admits only that the language Plaintiff quotes from the Muscogee (Creek) Nation criminal code appears in such code. However, Defendant denies any allegation or implication that Plaintiff's assertion of jurisdiction supersedes, preempts, or in any way affects Henryetta's authority to prosecute non-member Indians who commit non-major crimes in Indian country.

## DEFENDANTS

12. Regarding the allegations in Paragraph 12 of the Complaint, Henryetta admits it is located within Oklahoma and the historical boundaries of the Creek Reservation.

13. Henryetta admits John Insabella is its city attorney, as alleged in Paragraph 13 of the Complaint, and admits that Plaintiff sued Mr. Insabella in his official capacity. Henryetta further states that Plaintiff has since recognized that Mr. Insabella was an improper party to this lawsuit and dismissed this against him.

14. Paragraph 14 of the Complaint does not contain and allegation for Henryetta to admit or deny.

## STANDING

15. Henryetta denies the allegations and legal characterizations in Paragraph 15 of the Complaint. Henryetta maintains the authority to prosecute non-member Indians who commit non-major crimes in Indian country, and such authority neither interferes with nor causes any injury to Plaintiff. Indeed, the General Crimes Act does not "say . . . that state jurisdiction is preempted in Indian country." Applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Castro-Huerta*, 597 U.S. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136,

142-143 (1980)). Henryetta's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government nor is it causing irreparable injury to Plaintiff.

16. Henryetta denies that it has engaged in, or will engage in, any unlawful conduct as alleged in Paragraph 16 of the Complaint.

17. Henryetta denies the allegations in Paragraph 17 of the Complaint. Henryetta maintains the authority to prosecute non-member Indians who commit non-major crimes in Indian country, and such authority neither interferes with nor causes any injury to Plaintiff. Henryetta "do[es] **not need a permission slip from Congress to exercise their sovereign authority. In other words, the default is that States [and its municipalities] have criminal jurisdiction in Indian country unless that jurisdiction is *preempted*.**" *Castro-Huerta*, 597 U.S. at 653 (emphasis added).

### THE SUPREME COURT'S DECISION IN McGirt

18. Henryetta denies the Plaintiff's characterization of *McGirt v. Oklahoma*, 591 U.S. 894 (2020), as stated in Paragraph 18 of the Compliant. In McGirt, the United States Supreme Court held that for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished.

19. Henryetta denies the allegations and legal characterizations in paragraph 19 of Plaintiff's Complaint. As stated above, in *McGirt*, the United States Supreme Court held that, for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished. And "as a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have

5

jurisdiction over crimes committed in Indian country." *Id*. at 638. Under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639. Finally, applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). Henryetta's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

20.     Henryetta denies the allegations in Paragraph 20 of the Complaint for the reasons set forth in its answer and response to the allegations in Paragraph 19, above.

**THE CITY'S CLAIM TO CRIMINAL JURISIDCTION OVER INDIANS FOR CONDUCT WITHIN THE CREEK RESERVATION AFTER *McGirt***

21.     Regarding the allegations in Paragraph 21 of the Complaint, Henryetta admits that its city attorney received a letter dated September 23, 2024, from Geri Wisner, representing herself as the Attorney General of the Muscogee (Creek) Nation, with her interpretation of the application of *McGirt* to municipal prosecutions for violations of city ordinances and non-major crimes.

22.     With respect to the allegations in Paragraph 22 of the Compliant, Henryetta denies the allegation that it did not respond to the letter identified above, but admits it did not respond in writing. Henryetta is without information or belief on what hearsay information, if any, Plaintiff may have subsequently received regarding alleged instructions from its chief of police to admit or deny the remaining allegation. As such it is denied.

23.      Regarding the allegations in Paragraph 23 of the Complaint, Henryetta denies it has violated federal law or infringed upon Plaintiff's sovereign rights. Henryetta has jurisdiction

6

to prosecute non-member Indians who violate its municipal ordinances or commit non-major general crimes.

24.     Henryetta is unable to admit or deny what Plaintiff is "aware of" regarding the prosecution of Plaintiff citizens by Henryetta for violation s of Henryetta's city ordinances and non-major general crimes, as alleged in Paragraph 24 of the Compliant. Since the *McGirt* opinion was issued in late June 2020, Henryetta's city attorney is only aware of two instances where a person challenged jurisdiction and prosecution by claiming they were members of the Muscogee (Creek) Nation. In each instance, Henryetta dismissed the issued citation without prejudice and did not prosecute the same. *See* Transcript of Preliminary Injunction Hearing, held on October 7, 2025, p. 210.

25.     The allegations and underlying premise to the allegations in Paragraph 25 of the Complaint are denied. Ms. Rodgers received a citation for driving with an expired license, an expired tag, speeding, and failure to stop at a stop sign in 2019, **prior** to *McGirt*. She failed to appear. The failure to appear bench warrant was not served until February 10, 2025. Henryetta has no record of Ms. Rodgers ever challenging jurisdiction or asserting her Muscogee (Creek) Nation tribal membership before the Municipal Court.

26.     Plaintiff's allegations in Paragraph 26 are admitted in part and denied in part. Henryetta admits that it is apparent that Plaintiff approach to law enforcement differs from Henryetta. It is Henryetta's experience that Plaintiff and its Lighthorse police department selectively choose not to prosecute or enforce the law against its members who were apprehended by Henryetta while violating a municipal ordinance or committing a general crime.

## COUNT I

27.    Paragraph 27 of the Complaint contains no new allegations but reincorporates Plaintiff's allegation sin the preceding numbered paragraphs of the Complaint. As such, Henryetta adopts and incorporates by reference its answer and defense to each previously numbered paragraph as if fully set forth in Paragraph 27.

28.    Regarding the allegation in Paragraph 28 of the Complaint, Henryetta admits only that the United States Supreme Court in in *McGirt*, held that, for the purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished.

29.    Henryetta denies the allegations in Paragraph 29 of the Complaint. Henryetta maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country, and such authority has not been preempted by federal law.

30.    Regarding the allegations in Paragraph 30 of the Complaint, Henryetta admits that it maintains jurisdiction and authority to prosecute non-member Indians who commit non-major crimes in Henryetta, and that such authority has not been preempted by federal law. Henryetta further states that the United States Supreme Court stated in *Castro-Huerta*:

> [U]nder the Constitution and this Court's precedents, the default is that States may exercise criminal jurisdiction within their territory. *See* Amdt. 10. **States do not need a permission slip from Congress to exercise their sovereign authority. In other words, the default is that States have criminal jurisdiction in Indian country unless that jurisdiction is** *preempted*.

597 U.S. at 653 (emphasis added).

31.    Henryetta admits that it intends to continue to exercise concurrent jurisdiction with Plaintiff to enforce and prosecute violation so of non-major crimes in Henryetta alleged to have been committed by non-member Indians.

8

**PRAYER FOR RELIEF**

32.        Henryetta denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief and each of its lettered subparts A-D.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

1.        This Court lacks jurisdiction over Plaintiff's claims.

2.        Plaintiff has failed to state a claim upon which relief can be granted.

3.        Henryetta maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

4.        The holding in *McGirt* does not support a presumptive prohibition against municipal criminal jurisdiction over non-member Indians because this case does not involve th4e Major Crimes Act.

5.        Although the holding in *Castro-Huerta* does not address the issue raised in this case,[1] the opinion sets forth the preemption analysis by which issues of a State or municipal government's criminal jurisdiction in Indian country must be evaluated and decided. *Castro-Huerta*, 597 U.S. at 637-36 (stating "[i]n short, the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country.").

6.        In *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Lawrence,* a former tribal employee, a non-Indian, filed suit in Utah state court against the tribe on claims arising out of an employment contract. The tribe filed suit in federal court seeking an injunction to halt the state court

---

[1] The Court clearly stated in two footnotes that it expressed no view on the issue of whether a State may exercise jurisdiction over crimes committed by Indians against non-Indians in Indian country. *See* 597 U.S. at 650 n.6, 655 n.9.

proceedings. The federal district court dismissed the tribe's complaint and the tribe appealed. The Tenth Circuit reversed and remanded, in part because "when a case brought against a tribe or its members 'arise[es] from conduct in Indian country,' state courts lack jurisdiction 'absent clear congressional authorization.'" 22 F.4th at 900 (quoting *Navajo Nation v. Dalley*, 896 F.3d 1196, 1204 (10th Cir. 2018)). *Ute* is unpersuasive because this case does not involve a lawsuit brought against Plaintiff or its members in state court.

7.      The United Supreme Court has not established an inflexible *per se* rule precluding state or municipal jurisdiction in Indian country in the absence of express congressional consent.

8.      Henryetta's exercise of concurrent jurisdiction to prosecute non-major crimes committed by non-member Indians does not infringe upon Plaintiff's sovereignty or its internal self-government. Henryetta's exercise of concurrent jurisdiction does not displace or diminish Plaintiff's jurisdiction and authority to prosecute those same individuals for violations of tribal law.

9.      Henryetta's exercise of concurrent jurisdiction serves tribal interests in prosecuting non-member Indians for crimes committed in Henryetta against Plaintiff and its property, as well as the Plaintiff's members and their property.

10.     Plaintiff's interest in prosecuting non-member Indians for violations of municipal ordinances and general non-major crimes in Henryetta, at the exclusion of the Henryetta, is of lesser weight than its legitimate governmental interest in prosecuting its own members to Henryetta's exclusion. *See Washington v. Confederated Tribes of Colville Indian Rsrv.*, 447 U.S. 134, 161 (1980) ("For most practical purposes [nonmember] Indians stand on the same footing as non-Indians resident on the reservation.").

10

11.    Henryetta's exercise of concurrent jurisdiction to prosecute non-major crimes committed by non-member Indians does not infringe upon federal interests. Local prosecution of crimes committed by non-member Indians, like Henryetta's prosecution of crimes committed by non-Indians in Indian country, supplements federal authority, it does not supplant it. *Cf. Castro-Huerta*, 597 U.S. at 650 ("State prosecution [of a non-Indian] would supplement federal authority, not supplant federal authority.").

WHEREFORE, having fully answered, the City of Henryetta prays that judgment be entered in its behalf and against the Muscogee (Creek) Nation, and that Plaintiff takes nothing by way of its Complaint.

Filed: December 2, 2025                    Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

s/ *Keith A. Wilkes*
D. Kenyon Williams, Jr. OBA 9643
Keith A. Wilkes, OBA 16750
Bryan J. Nowlin, OBA 21310
521 East Second Street, Suite 1200
Tulsa, Oklahoma 74120
T: 918.584.0400
F: 918.594.0505
kwilliams@hallestill.com
kwilkes@hallestill.com
bnowlin@hallestill.com

**ATTORNEYS FOR CITY OF HENRYETTA**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025, I electronically transmitted the foregoing Answer for filing and transmittal of Notice of Electronic Filing and to the registered party participants of the ECF system.

s/ *Keith A. Wilkes*
Keith A. Wilkes