IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MUSCOGEE (CREEK) NATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 25-CV-00227-JAR |
| ) | |
| **CITY OF HENRYETTA, OKLAHOMA,** ) | |
| ) | |
| **Defendant.** ) | |

**CITY OF HENRYETTA'S MOTION TO STAY PROCEEDINGS
AND BRIEF IN SUPPORT**

Defendant City of Henryetta ("Henryetta") moves the Court to enter an order staying these proceedings pending the outcome of Plaintiff Muscogee (Creek) Nation's ("MCN") appeal to the United States Court of Appeals for the Tenth Circuit in *Muscogee (Creek) Nation v. Kunzweiler, et al.*, Cir. Case No 26-5013 ("Kunzweiler Action"). In support of its Motion for Stay, Henryetta provides the following Brief in Support:

**BRIEF IN SUPPORT OF MOTION TO STAY**

**I.     MANDATORY STATEMENT OF INFORMAL CONFERENCE**

Pursuant to LCvR 7.1(f), counsel for Henryetta conferred in good faith with counsel for the MCN regarding the requested stay. The MCN is opposed to the relief sought by Henryetta.

**II.     ARGUMENT AND AUTHORITIES**

Judicial economy is heightened in the district court when appellate courts address identical or substantially related issues, thereby reducing unnecessary burden and promoting consistent application of law or legal principles. Here, the legal question regarding the authority of state and municipal governments in Oklahoma to prosecute non-Member Indians for the violation of non-

major crimes in Indian country now rests before the Tenth Circuit Court of Appeals.[1] A stay of this case pending the circuit court's disposition of this key legal question promotes judicial economy, will avoid duplication of efforts, and will prevent inconsistent rulings, especially when a controlling appellate decision could simplify or moot issues before the district court.

The Tenth Circuit Court of Appeals notes that "[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). *See also Landis v. North American Co.*, 299 U.S. 248 (1936) (same). Additionally, a district court's authority to stay a case pending appeal is implied through Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8(a). *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980). This inherent power and implied authority allow the Court to prevent potential inconsistent rulings and conserve vital judicial resources while this legal issue is being resolved on appeal in Kunzweiler Action.

**WHEREFORE,** the City of Henryetta respectfully moves the Court to enter an order staying this matter pending resolution of the appeal in the Kunzweiler Action by the Tenth Circuit Court of Appeals.

        HALL, ESTILL, HARDWICK, GABLE,
          GOLDEN & NELSON, P.C.

        *s/ Keith A. Wilkes*                              .
        D. Kenyon Williams, Jr. OBA 9643
        Keith A. Wilkes, OBA 16750
        Bryan J. Nowlin, OBA 21310
        521 East Second Street, Suite 1200
        Tulsa, Oklahoma 74120
        T: 918.584.0400

---

[1] The MCN initiated its appeal in the Kunzweiler Action by filing its Notice of Appeal in the Northern District of Oklahoma, Case No. 4:25-cv-00075-GKF-JFJ, on January 28, 2026. [Doc. 91].

       F: 918.594.0505
       kwilliams@hallestill.com
       kwilkes@hallestill.com
       bnowlin@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 4, 2026, I electronically transmitted the foregoing Motion to Stay to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing and to the registered party participants of the ECF system.

       *s/ Keith A. Wilkes*
       Keith A. Wilkes